279 A.2d 453.

BETTY A. PARADISE *et al. vs.* JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY.

JULY 9, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. The plaintiffs, Betty A. Paradise and Industrial National Bank of Rhode Island, brought this complaint to recover a certain amount allegedly due under a group life insurance policy issued by the defendant insuring the life of Betty A. Paradise's husband, Albert J. Paradise, deceased. The defendant refused to make any payment under the policy on the ground that the deceased had made certain misrepresentations concerning his health which voided the policy. The case was heard before a justice of the Superior Court sitting with a jury and resulted in a verdict for the defendant. After the denial of their motion for a new trial, the plaintiffs appealed to this court from the judgment entered on the verdict.

The pertinent facts are not in dispute. On February 23, 1968, plaintiff and her late husband purchased, as joint tenants, a certain parcel of real estate and on the same day they borrowed $21,000 from Industrial to finance such purchase, giving the bank a mortgage thereon as security for the loan. Simultaneously with the execution of said mortgage, Albert J. Paradise, hereinafter also referred to as the decedent, took out insurance on his life in the amount of $20,000 under the terms of a Group Life Creditor Insurance Policy issued by defendant to the bank as beneficiary, insuring the lives of certain debtors of the bank. The defendant issued to decedent its certificate of insurance under the group policy.

The application for group insurance signed by Albert J. Paradise includes the following pertinent medical history questions and answers:

"Yes    No    V    Have you during the past five years
———    ———         consulted, been treated or examined by any physician or practi-

tioner, been treated or confined in any hospital, clinic or similar institutions or had any surgical operation?

\* \* \*

"Yes V No     To the best of your knowledge, are you now in sound health?"

On July 11, 1968, the insured, Albert J. Paradise, died. The defendant refused to pay the claim for death benefits on the ground that the insured did not completely reveal his medical history when he made the application for insurance. The plaintiffs thereupon brought this action.

At the close of plaintiffs' case the defendant, without resting, moved that Betty A. Paradise be dismissed as a party plaintiff. On the basis of the provisions of the contract between defendant insurance company and plaintiff bank, the trial justice held that there was nothing in that contract which would entitle Betty A. Paradise to institute this action, that if she were to benefit under that contract, it would be merely incidental, and that the terms of the contract in question require a payment to the bank, as policyholder. He concluded that she had no standing and, therefore, granted defendant's motion to dismiss her with prejudice.

The defendant then proceeded to introduce evidence. Along with pertinent medical records and reports relating to the decedent, defendant presented certain doctors as witnesses, including the decedent's personal physician who had treated him on different occasions from November 8, 1966 to June 7, 1968, for various ailments.

The transcript and the medical records and reports indicate without contradiction that decedent was examined and treated by a physician on several occasions within two months of the date of his application for insurance; that he had had EKG.'s, G.I. series and x-ray examinations within that time; that he had experienced chest pains during that period; that he had been told by his doctor that the

results of the EKG.'s were abnormal; that during that period medication had been prescribed for him including nitroglycerin for the relief of his chest pains; that at the time he consulted his doctor on January 11, 1968, he gave the doctor a history of an active ulcer; and that, at the same time he related a family history of early cardiac and vascular problems. The death certificate indicates that the cause of death was "coronary occlusion." The decedent's doctor also testified that in his opinion the decedent had a heart disease and that, based on the history, the findings, the natural history of decedent's disease, he had a progressing deteriorating hardening of the arteries which rapidly killed him. He also testified that in his opinion, decedent was not in sound health on February 23, 1968.

In his charge the trial justice instructed the jury, in part, that plaintiff had the burden of proving by a fair preponderance of the evidence that decedent's answers to the pertinent questions in the application were true. However, he further instructed the jury that under the provisions of G. L. 1956, (1968 Reenactment) §27-4-10,[1] if the jury found any misstatements in such answers, defendant had the burden of proving by a fair preponderance of the evidence that such misstatements actually contributed to the contingency or event on which the policy was to become due and payable, that is, decedent's death; and that the determination and resolution of that question was for the jury.

He also explained to the jury that they would have with them in the jury room a request by defendant for a special finding of fact as posed in the following question:

---

[1]"27-4-10. Effect of misstatements in application for policy.—No misstatement made in procuring a policy of life insurance shall be deemed material or render the policy void unless the matter thus represented shall have actually contributed to the contingency or event on which the policy is to become due and payable; and whether the matter so represented contributed to said contingency or event, in any case, shall be a question for the jury."

"On February 23, 1968, was Albert J. Paradise in sound health to the best of his knowledge?"

They were instructed to answer this interrogatory "yes" or "no." The jury returned a verdict for defendant and answered the interrogatory in the negative.

In this appeal plaintiffs raise only two questions. The first is whether the trial justice erred in granting defendant's motion to dismiss Betty A. Paradise as a party plaintiff. The second is whether the trial justice erred in refusing to grant a certain request for instructions.

On the view we take our resolution of plaintiffs' second question is dispositive of this appeal and, therefore, we shall address ourselves to that question.

The plaintiffs argue, in substance, that in their request for instructions the trial justice was requested to charge the jury to the effect that in order to defeat recovery on the policy, it was necessary that the deceased have knowledge of his serious condition at the time he applied for insurance coverage.

In support of this argument, plaintiffs discuss what they claim to be the general rule in other jurisdictions regarding the effect of misstatements in applications for insurance policies and also refer to several cases from other jurisdictions. We do not consider it necessary to discuss those cases or the general rule as stated by plaintiffs.

In this state the Legislature has provided for situations involving misstatements in an application for a policy of life insurance by the enactment of P. L. 1931, chap. 1757, sec. 12 (now §27-4-10). Section 27-4-10 is the controlling statute in a case of this kind. *Madsen* v. *Metropolitan Life Ins. Co.*, 90 R. I. 176, 156 A.2d 203. The trial justice, in his charge to the jury, stated that this statute was applicable to the facts of this case and instructed them accordingly.

Further, in view of our affirmance of the jury's verdict, it becomes unnecessary to consider the claim of decedent's

wife that the trial justice erred in granting the defendant's motion to dismiss her as a party plaintiff, since under no circumstances could she be in a better position to recover than plaintiff bank.

The plaintiffs' appeal is denied and dismissed, and the judgment appealed from is affirmed.

*McCaffrey & Mulligan, Gordon C. Mulligan,* for plaintiffs.

*John W. Moakler* and *John F. Sherlock, Jr.,* for defendant.